UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID REI MARTINEZ, *individually and on behalf of all others similarly situated,*

*Plaintiff,*

v.

1320 YORK DELI CORP. (D/B/A RIVER EAST GOURMET DELI), and ANTONIO BUTSIKARES,

*Defendants.*

**ANSWER**
**AFFIRMATIVE DEFENSES**

1:21-CV-07950-RA

Defendants 1320 YORK DELI CORP. (D/B/A RIVER EAST GOURMET DELI) and ANTONIO BUTSIKARES (collectively hereinafter "Defendants") by way of Answer to the Complaint, state as follows:

## AS TO "NATURE OF ACTION"

1.      Defendants deny the allegations asserted in Paragraph 1 of the Complaint and leave Plaintiff to his proofs.

2.      Defendants admit that 1320 York Deli Corp. (d/b/a River East Gourmet Deli) was located at 1320 York Avenue, New York, N.Y. 10021. Defendants deny the remaining allegations and leave Plaintiff to his proofs.

3.      Defendants admit Antonio Butsikares was a former officer of 1320 York Deli Corp. (d/b/a River East Gourmet Deli). Defendants deny the remaining allegations and leave Plaintiffs to his proofs.

4.      Defendants deny the allegations asserted in Paragraph 4 of the Complaint and leave Plaintiff to his proofs.

1

5.      Defendants deny the allegations asserted in Paragraph 5 of the Complaint and leave Plaintiffs to their proofs.

6.      Defendants deny the allegations asserted in Paragraph 6 of the Complaint and leave Plaintiffs to their proofs.

7.      Defendants deny the allegations asserted in Paragraph 7 of the Complaint and leave Plaintiffs to their proofs.

8.      Defendants deny the allegations asserted in Paragraph 8 of the Complaint and leave Plaintiffs to their proofs.

9.      Defendants deny the allegations asserted in Paragraph 9 of the Complaint and leave Plaintiffs to their proofs.

10.     Defendants deny the allegations asserted in Paragraph 10 of the Complaint and leave Plaintiffs to their proofs.

11.     Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 12 of the Complaint.

**AS TO "JURISDICTION AND VENUE"**

13.     Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation in Paragraph 14 of the Complaint.

## AS TO "PARTIES"

*Plaintiff*

15.    Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 15 of the Complaint. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 15 of the complaint.

16.    Defendants deny the allegations asserted in Paragraph 16 of the Complaint and leave Plaintiffs to their proofs.

17.    Paragraph 17 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 17 of the Complaint.

*Defendants*

18.    Defendants deny the allegations asserted in Paragraph 18 of the Complaint and leave Plaintiffs to their proofs.

19.    Defendants admit that 1320 YORK DELI CORP. (D/B/A RIVER EAST GOURMET DELI) is a domestic corporation organized and existing under the laws of the State of New York and maintained a business located at 1320 York Avenue, New York, N.Y. 10021.

20.    Paragraph 20 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 20 of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

*Defendants Constitute Joint Employers*

3

21.     Defendants deny the allegations asserted in Paragraph 21 of the Complaint and leave Plaintiffs to their proofs.

22.     Defendants admit Antonio Butsikares was a former officer of 1320 York Deli Corp. (d/b/a River East Gourmet Deli). Defendants deny the remaining allegations and leave Plaintiffs to his proofs.

23.     Defendants deny the allegations asserted in Paragraph 23 of the Complaint and leave Plaintiffs to their proofs.

24.     Paragraph 24 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint, and its subparagraphs, and leave Plaintiffs to their proofs.

28.     Paragraph 28 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations asserted in Paragraph 29 of the Complaint and leave Plaintiffs to their proofs.

30.     Defendants deny the allegations asserted in Paragraph 30 of the Complaint and leave Plaintiffs to their proofs.

31.     Defendants deny the allegations asserted in Paragraph 31 of the Complaint and leave Plaintiffs to their proofs.

### Individual Plaintiff

32.     Defendants deny the allegations asserted in Paragraph 32 of the Complaint and leave Plaintiffs to their proofs.

33.     Paragraph 33 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 33 of the Complaint.

### Plaintiff David Rei Martinez

34.     Defendants deny the allegations asserted in Paragraph 34 of the Complaint and leave Plaintiffs to their proofs.

35.     Defendants deny the allegations asserted in Paragraph 35 of the Complaint and leave Plaintiffs to their proofs.

36.     Defendants deny the allegations asserted in Paragraph 36 of the Complaint and leave Plaintiffs to their proofs.

37.     Defendants deny the allegations asserted in Paragraph 37 of the Complaint and leave Plaintiffs to their proofs.

38.     Defendants deny the allegations asserted in Paragraph 38 of the Complaint and leave Plaintiffs to their proofs.

39.     Defendants deny the allegations asserted in Paragraph 39 of the Complaint and leave Plaintiffs to their proofs.

40.     Defendants deny the allegations asserted in Paragraph 40 of the Complaint and leave Plaintiffs to their proofs.

41.     Defendants deny the allegations asserted in Paragraph 41 of the Complaint and leave Plaintiffs to their proofs.

42.     Defendants deny the allegations asserted in Paragraph 42 of the Complaint and leave Plaintiffs to their proofs.

43.     Defendants deny the allegations asserted in Paragraph 43 of the Complaint and leave Plaintiffs to their proofs.

44.     Paragraph 44 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 46 of the Complaint.

*Defendants' General Employment Practices*

47.     Defendants deny the allegations asserted in Paragraph 47 of the Complaint and leave Plaintiffs to their proofs.

48.     Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations asserted in Paragraph 49 of the Complaint and leave Plaintiffs to their proofs.

50.     Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations asserted in Paragraph 51 of the Complaint and leave Plaintiffs to their proofs.

52.     Defendants deny the allegations asserted in Paragraph 52 of the Complaint and leave Plaintiffs to their proofs.

53.     Paragraph 53 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations asserted in Paragraph 54 of the Complaint and leave Plaintiffs to their proofs.

55.     Defendants deny the allegations asserted in Paragraph 55 of the Complaint and leave Plaintiffs to their proofs.

56.     Defendants deny the allegations asserted in Paragraph 56 of the Complaint and leave Plaintiffs to their proofs.

57.     Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 58 of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION CLAIMS"

59.     Paragraph 59 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 60 of the Complaint.

61.     Defendants deny the allegations asserted in Paragraph 61 of the Complaint and leave

Plaintiff to his proofs.

## AS TO "FIRST CAUSE OF ACTION"
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

62.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length

herein.

63.     Paragraph 63 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint asserts legal conclusions to which no answers is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint asserts legal conclusions to which no answer is required.

8

To the extend an answer is required, Defendants deny each and every allegation asserted in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 68 of the Complaint.

**AS TO "SECOND CAUSE OF ACTION"**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

69.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

70.     Paragraph 70 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 72 of the Complaint.

**AS TO "THIRD CAUSE OF ACTION"**
**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

73.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length

herein.

74.     Paragraph 74 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 77 of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION"
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

78.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

79.     Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 81 of the Complaint.

**AS TO "FIFTH CAUSE OF ACTION"**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

82.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length

herein.

83.     Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 85 of the Complaint.

**AS TO "SIXTH CAUSE OF ACTION"**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

86.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length

herein.

87.     Paragraph 87 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in

Paragraph 87 of the Complaint.

88.     Defendants deny the allegations asserted in Paragraph 88 of the Complaint and leave Plaintiff to his proofs.

### AS TO "SEVENTH CAUSE OF ACTION"
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

89.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

90.     Paragraph 90 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations asserted in Paragraph 91 of the Complaint and leave Plaintiff to his proofs.

### AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations asserting prayer for relief, and its subparagraphs, and aver that Plaintiff is not entitled to any of the relief requested therein or any other relief.

### AFFIRMATIVE DEFENSES

Defendants make the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of the applicable laws.

12

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and or excuse.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by misconduct on each Plaintiff's part and/or unsatisfactory job performance.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to mitigate damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

## NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not "employers" under the FLSA, or the NYLL.

## TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred, in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255, and New York Labor Law Section 663.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's damages, and the alleged damages of each putative member of the purported class defined in the Complaint as others similarly situated, if any, were caused by their own actions and/or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as they have ratified the activities of the Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fails to state a claim upon which compensatory, punitive or liquidated damages may be granted.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.    Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.    An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or de minimis.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    Plaintiffs' claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, because the work alleged to be unpaid is invalid.

**TWENTIETH AFFIRMATIVE DEFENSE**

14.    Plaintiff's claims, and the claims of each putative member of the purported class defined

in the Complaint as others similarly situated, are barred as they fail to satisfy class and or collective action criteria, and therefore cannot proceed as a class or collective action.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     The types of claims alleged by Plaintiff on behalf of himself and on behalf of the purported class defined in the Complaint as others similarly situated, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     If Defendants' alleged failure to pay Plaintiff, and of each putative member of the class she purports to represent, as defined in the Complaint as others similarly situated, overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA or NYLL.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     If Defendants' alleged failure to pay Plaintiff, and each putative member of the class they purport to represent, as defined in the Complaint as others similarly situated, overtime wages were unlawful, although such is not admitted, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by their knowing and voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which they now claims is illegal.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because such claims have been released, waived, discharged, and/or abandoned.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The Complaint fails to the extent it asserts an action on behalf of others similarly situated because Plaintiff is not an adequate representative of the purported class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The Complaint fails to the extent it asserts a class type action because the claims alleged by Plaintiff are neither common to nor typical of those of the class he purports to represent, as defined in the Complaint as others similarly situated.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiffs' claims and claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because Plaintiff failed

17

to satisfy the prerequisites for class certification or collective action and, therefore, lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Defendants acted in good faith at all times and without fraud or malice toward Plaintiff and each putative member of the class he purports to represent.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiffs' claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because they are exempt under the applicable statues and regulations.

## ADDITIONAL DEFENSES

33.     Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Defendants demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Michael K. Chong, Esq. is hereby designated as trial counsel on behalf of Defendants.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper and just.

Dated: November 9, 2021

Law Offices of Michael Chong, LLC

*Michael K. Chong*

Michael K. Chong, Esq.
*Attorney for Defendants*

2 Executive Drive, Ste. 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

1250 Broadway, 36th Floor, Ste. 300
New York, NY 10010
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com